## 18421.   KELLY *v.* EDWARDS *et al.*

DECIDED APRIL 14, 1928.

*W. I. Geer, P. Z. Geer,* for plaintiff.

JENKINS, P. J.   This was a suit against a sheriff and his bondsmen to recover damages on account of the alleged failure of the sheriff to execute a bail-trover process for the recovery of a certain mule.   The evidence authorizes a finding that at the time the bail-

trover process was issued, the defendant therein was not in the county, and thereafter moved out of the State, and that the sheriff might have been justified in his failure to execute the process; also that the sheriff was unable to locate the mule sued for. The jury found in favor of the defendant. Exception is taken to the charge of the court, on the ground that the judge expressed an opinion upon the issues of fact; that he failed to charge specifically, on his own motion, that the taking of a claim bond by the sheriff would constitute no defense to his failure to execute the bail-trover process; and on account of his failure, on his own motion, to charge the principle of law to the effect that if the plaintiff in trover had bargained the mule to the defendant in trover on the condition that the defendant was to give a note to the plaintiff and a mortgage upon the property sued for and another mule, and if he failed to comply with this condition of the sale agreement, that the title to the property did not pass from the plaintiff to the defendant in trover.

1. The evidence upon the issue as to whether the sheriff exercised diligence in seeking to execute the bail-trover process being in conflict, the verdict rendered in favor of the defendants can not be set aside upon the general grounds.

2. The charge of the court to the effect that the case presented a simple issue of fact, which it was the province of the jury to determine, was not a statement such as would indicate an opinion of the judge as to what the finding upon the issue should be. The instruction to the jury that "if you find that the sheriff by ordinary diligence could not seize the mule, that the mule was not in the county, was not where he could seize it, get to it, or if you find that in addition to that fact that the defendant was not in the county, had gone, and that he could not be arrested, that would be a complete defense of the defendant and his surety; it would be your duty to find for them, in which event the form of your verdict would be: 'We, the jury, find for the defendant,' " did not amount to an expression of opinion upon the issues of fact.

3. The court clearly charged the jury that it was a duty incumbent upon the sheriff, by law, to execute the bail-trover process, and that the sole issue involved was whether or not he had exercised diligence in seeking to perform that duty, and that a failure to perform it could be excused only by showing diligent efforts to execute

the process. This amounted to an adoption of what the plaintiff now contends was the law, that the plaintiff's title in the property sued for authorized the maintenance of the action in trover, and it eliminated any possible confusion growing out of the testimony that after the sheriff had failed, after diligent effort, to find the property, he took a claim bond of a third person.

*Judgment affirmed. Stephens and Bell, JJ., concur.*